## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **JOHN FLOYD RUSSELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:21-CV-00431-TES-MSH** |
| **VS.** | : | |
| | : | |
| **WARDEN CALDWELL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>ORDER</u>

*Pro se* Plaintiff John Floyd Russell, an inmate at Johnson State Prison in Wrightsville, Georgia, has filed a pleading that has been docketed as a 42 U.S.C. § 1983 claim. ECF No. 1. He also filed a motion to proceed *in forma pauperis*. ECF No. 2.

Plaintiff is under state superior court sentences out of both Morgan County and Worth County. ECF No. 1 at 6-7. He alleges that his sentence computation report is incorrect in that he is not receiving proper credit for the time he spent in pre-trial custody in Morgan County towards his Worth County and Morgan County sentences. *Id*. Plaintiff presents two separate requests for relief. *Id*. at 4 and 7. In his first request for relief, he asks for monetary damages as well as a "maximum release date to reflect 12-05-2022". *Id*. at 4. The second time that Plaintiff submits a "Prayer for Relief", the Plaintiff does not request damages but instead requests that "this Court order Respondent to correct the computation maximum release date to show 12-05-2022". *Id*. at 7.

Plaintiff is advised that "a challenge to the fact or duration of a prisoner's

confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983". *See McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)).   Release from custody is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Rueb v. Brown*, 504 F. App'x 720, 722 (10th Cir. 2012) (affirming the dismissal of Plaintiff's § 1983 action "on the grounds that it raised a challenge to the execution of Plaintiff's state sentences, not the conditions of his confinement, and thus could only be brought as a habeas petition under 28 U.S.C. § 2241"). Monetary damages are available in a § 1983 action but not in a habeas action.   *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973).

Here, Plaintiff is improperly requesting two different forms of relief, damages and release from custody, that are exclusively constrained to either a § 1983 action (monetary damages) or a habeas action (release from custody).   *See McKinnis*, 693 F.2d at 1057. The federal courts are prohibited from granting both forms of relief concomitantly in a § 1983 action or in a habeas action.   *Id.*   Thus, if Plaintiff wishes to proceed with this action then he must recast his complaint and make a permissible request for relief therein. The recast pleading shall supersede (take the place of) his initial pleading.

If Plaintiff is challenging the duration of his confinement and seeks his release, then Plaintiff must recast his complaint on the Court's standard § 2241 form petition for federal habeas corpus relief.   "Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under 28 U.S.C. § 2241" as a habeas petition.

*Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *see also Benitez v. Warden, FCI Miami*, 2014 WL 1716994 at *1 (11th Cir. May 2, 2014) (federal sentence challenge); *Thomas v. Rios*, 548 F. App'x 508, 511 n. 5 (10th Cir. 2013) (state sentence challenge).   However, Plaintiff is advised that his petition is subject to the exhaustion doctrine.   *See* 28 U.S.C. § 2254(b).   In other words, a petitioner is required to exhaust all available state remedies before he may go forward with an action in federal court.   *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases").   This Court is concerned that Plaintiff has only filed grievances in his case and has not pursued any motions or petitions within the state superior courts or state appellate courts.   A petitioner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

If Plaintiff instead wishes to complain about a constitutional violation regarding the conditions of his confinement and seek damages, he should recast his complaint on the Court's § 1983 form.   He is to state his claims as simply as possible and need not attempt to use formal language or legalese. Plaintiff must complete the entire complaint form and not leave any portion or paragraph without a response.   The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant.   Plaintiff must then tell the Court exactly how that individual violated his constitutional rights, including (1) what each defendant did (or did

not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions.   If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

Plaintiff should be aware that ***habeas corpus claims and civil rights claims may not be presented together in a single pleading***.   If Plaintiff wants to pursue both a habeas corpus claim and a § 1983 claim then he must file separate actions for the different type of claims and pay the filing fees for each.   Plaintiff should include this civil action number on only one of the recast complaints and the other claim will be assigned a new civil action number since it is a separate suit.   The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2241 and § 1983 forms.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the appropriate form.   ***His total complaint must not exceed ten (10) pages***.   While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.   **Failure to fully and timely comply with this Order may result in the dismissal of Plaintiff's pleadings.**   There will be no service of process in this case until further order.

**SO ORDERED AND DIRECTED**, this 26th day of January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

4