IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN FLOYD RUSSELL, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00431-TES-MSH |
| WARDEN CALDWELL, | : | |
| Defendant. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is the complaint filed by *pro se* Plaintiff John Floyd Russell, an inmate at Johnson State Prison in Wrightsville, Georgia, seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff was ordered to recast his complaint (ECF No. 4) and his recast complaint has been filed (ECF No. 5). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion for leave to proceed *in forma pauperis* was granted and he was ordered to pay a partial initial filing fee. ECF No. 6. Plaintiff has paid a significant portion of his partial initial filing fee. Simultaneous to the receipt of Plaintiff's partial initial filing fee, Plaintiff filed a motion to compel prison officials to submit on his behalf the payment of his filing fee to the Court. ECF No. 9. Because an initial partial filing fee has been paid, Plaintiff's motion to compel payment is **DENIED** as moot. Plaintiff's complaint is now ripe for preliminary review. Upon review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.   Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding *in forma pauperis*.  Both statutes apply in this case and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. Plaintiff's Allegations

In his recast complaint[1], Plaintiff states that he was arrested by the Worth County Sheriff's department on December 5, 2003.  ECF No. 5-1 at 1.  At some point after that

---

[1] Plaintiff was specifically advised by this Court that "[t]he recast pleading shall supersede (take the place of) his initial pleading."  ECF No. 4 at 2; *see also Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam) (noting an amended complaint supersedes the

arrest, "Worth County loan[ed] Plaintiff to the Morgan County Sheriff where Plaintiff had pending charges and thereafter remained in Morgan County Sheriff custody." *Id*. On September 17, 2004, Plaintiff plead guilty to aggravated child molestation in the Morgan County Superior Court where he received a sentence of thirty years to serve nineteen years in prison. *Id*. On October 12, 2004, Plaintiff was transported from the Morgan County jail to Worth County Superior Court where he entered a guilty plea which resulted in a sentence to run concurrent to his Morgan County sentence. *Id*.

Plaintiff alleges that his "sentence computation report" is incorrect in that he is not receiving credit for the time he spent in pre-trial custody in Worth County towards his sentence. *Id*. at 1-2. More specifically, Plaintiff complains that the "Worth County sentence would have started on the day of his arrest by the Worth County Sheriff's Department" and his sentence should therefore end on December 5, 2022. *Id*. at 2. Plaintiff states he filed a grievance.[2] *Id*. Plaintiff requests that "this Court will grant compensatory damages that this Court deems appropriate for the presentence 287 days Plaintiff was in custody as a direct result of the Worth County arrest." *Id*.

III.   Plaintiff's Claims

In the Order to recast the Complaint, the Court provided the Plaintiff with specific instructions to allege a constitutional violation against a named Defendant. ECF No. 4 at

---

original complaint unless the amended complaint specifically refers to or adopts the original complaint);

[2] Plaintiff further avers that the grievance is attached to the Complaint as "Exhibit 1" but the Complaint contains no such grievance.

4

3-4. More specifically, the Court stated:

> The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant. Plaintiff must then tell the Court exactly how that individual violated his constitutional rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

*Id*.

Here, Plaintiff has failed to follow the Court's instructions in that he has made no specific allegations about the Defendant in his amended complaint. *See* ECF No. 5; ECF No. 5-1. As a matter of fact, Plaintiff never even mentions the Defendant in his pleadings other than listing "Warden Caldwell" as a Defendant. *Id*.

A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the

actions taken by a particular person under color of state law and the constitutional deprivation.").

If Plaintiff is attempting to assert a claim based solely on the supervisory role of the Defendant, then his complaint still fails to state a claim. Supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); s*ee also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005). Stated another way, a prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003).

Here, Plaintiff is complaining about denial in his Worth County Superior Court sentence of pretrial credit for the time he served incarcerated because of his Worth County arrest; all after Plaintiff was transferred to the Morgan County jail and was an inmate of that jail when ultimately sentenced in Worth County. ECF No. 5-1 at 1-2. Plaintiff asks this Court to "grant compensatory damages … for the presentence 287 days Plaintiff was in custody as a direct result of the Worth County arrest." *Id*. at 2. None of Plaintiff's allegations or prayers for relief in any way suggests that the Defendant Warden somehow participated in Plaintiff's pretrial detention or computation of his sentence.

Lastly, if the basis for Plaintiff's claim against the Defendant is that he is a supervisor who has not reviewed Plaintiff's grievance or otherwise denied his grievance then that claim also fails. A prisoner has no constitutional right to participate in grievance procedures. *Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989); *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state")); *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir.2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory"). Thus, a supervisor is not personally involved in a constitutional violation merely because he fails to respond to complaints and/or grievances from a prisoner. *See Asad*, 158 F. App'x at 170-72 (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations

contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

For all the reasons set forth above, Plaintiff's complaint against Defendant Warden Caldwell is subject to dismissal for failure to state a claim pursuant to 28 U.S.C. §1915A(b)(1).

IV.  Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint against the Defendant be **DISMISSED without prejudice** for failure to state a claim.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III,. United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 7th day of April, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE